**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4026**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ISAAC LEE SMATHERS, JR.,

                    Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Thomas D. Schroeder, District Judge.  (1:08-cr-00327-TDS-1)

Submitted:  August 31, 2011        Decided:  September 13, 2011

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Benjamin D. Porter, MORROW ALEXANDER PORTER & VERMITSKY, PLLC, Winston-Salem, North Carolina, for Appellant.  Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isaac Lee Smathers, Jr., appeals the 200-month sentence imposed by the district court on remand following his guilty plea to sexual exploitation of minors, in violation of 18 U.S.C.A. § 2251(a) (West Supp. 2011). Smathers's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court's downward variant sentence was reasonable. Smathers was advised of his right to file a pro se supplemental brief but did not file one. Finding no error, we affirm.

The sole issue raised by counsel is whether Smathers's sentence is reasonable. In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). Because Smathers preserved his claim of error below, we review for reasonableness under an abuse of discretion standard, reversing "unless . . . the error was harmless." United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010); see Gall, 552 U.S. at 46. Our review of the record leads us to conclude that the district court did not commit procedural error in imposing Smathers's sentence.

2

We next consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances. Gall, 552 U.S. at 51. We may not presume an outside-Guidelines sentence is unreasonable; we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. Our review leads us to conclude that the district court committed no substantive error in imposing the sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Smathers, in writing, of his right to petition the Supreme Court of the United States for further review. If Smathers requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smathers. We therefore deny counsel's motion to withdraw at this time. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED